IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PAUL BENJAMIN AYIKA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-10-CV-456-KC |
| § | |
| EDILBERTO LOPEZ and RICHARD § | |
| SOTELO, § | |
| § | |
| Defendants. § | |

## ORDER

On this day, the Court considered Plaintiff's "Motion to File Notice of Objection to Removal to Federal Court," ECF No. 3 ("Motion"). For the reasons set forth herein, the Motion is **GRANTED**.

I.     BACKGROUND

Plaintiff filed this largely incomprehensible complaint in state court in Texas. Notice of Removal Ex. A, ECF No. 1 ("Complaint"). In the Complaint, Plaintiff alleges that he is "second of a growing list of First-man of all creation winner from Nigeria in the world natural election race following the death of Jesus." Compl. 4. Therefore, Plaintiff claims "the status of First-man of all creation or Christ and charismatic authority to take care of universal church on earth as a right of first in existence and inheritance of the world which is often regarded as the government of the first instance of the world." *Id.*

Plaintiff asserts that Defendants have failed to realize that there are certain laws under the "world natural law treaty" that they cannot change. *Id.* In fact,

> Defendants signed into law in a reminiscent of the dark period of the Sodom and Gomorrah era to choke off the "First-man of all creation rights" to control universal church and insisted on taking its own way that will impose negative impact upon which worship structure is grounded and by which it is guaranteed, by clinging obstinately to secularism of equality law that is infringing upon the natural rights of the First-man of all creation or Christ and other men as a priest on worship or service before God in the altar.

*Id.*

Plaintiff also cites to the world natural law treaty moratorium, which "condemns in the strongest law the despicable unnatural path that allows the use of women in worship sanctuary."

*Id.* Plaintiff himself summarizes the relief sought as follows:

> Defendants have caused to have interfered greatly with legal exclusive prerogative right and charismatic authority of Plaintiff which constitutes a violation of equal-protection clause that help to lift up the "First-man of all creation election" in every millennium to equality among different race and ethnicity around the world and authority to control universal church/worship sanctuary that is religiously considered to be exclusively part of the territory of the First-man of all creation or Christ under the world natural law treaty.

*Id.* at 3.

On December 9, 2010, Defendants removed the case, alleging that the Court had federal question jurisdiction since Plaintiff's cause of action was based on the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and other federal statutes, including 28 U.S.C. §§ 1355(b) and 1395(a). Notice of Removal 1. Plaintiff subsequently filed the instant motion to remand this case to state court, contending that the Court lacks jurisdiction to proceed. Mot. 1-2.

## II.   DISCUSSION

### A.   Standard

According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In addition, an action is removable only if none of the defendants is a citizen of the state where the action is brought. *Id.* § 1441(b). The district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. *Id.* § 1447(c). Where the jurisdiction of the court is challenged, the burden is on the party seeking to preserve the district court's removal jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

    **B.**    **Analysis**

Plaintiff argues that this case should be remanded to state court because the Court lacks subject matter jurisdiction to hear this claim. Mot. 1. The Court agrees. Federal question jurisdiction is based on the assertion of a claim arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. "However, the assertion that the claim involves such a question must be more than incantation." *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980). Establishing federal question jurisdiction requires a "substantial federal question." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. 1981). In other words, "a complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Id.* (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans v. Lavine*, 415 U.S. 528, 538-39 (1974)); *Murphy*, 611 F.2d

at 573 (the mere recital of federal authority "cannot confer jurisdiction if the contention is frivolous or patently without merit").

The Court finds that Plaintiff has not averred a sufficiently substantial federal question. Although, as Defendants state, Plaintiff cites the Equal Protection Clause at various points in his Complaint, Notice of Removal 1, the majority of Plaintiff's contentions are based on the "world natural law treaty." *See* Compl. The principles that Plaintiff claims Defendants violated all derive from the natural law treaty, as does Plaintiff's authority as leader of First man of all creation, according to Plaintiff. Compl. 4-5. Indeed, rather than basing his claim on the Equal Protection Clause, as Defendants claim Plaintiff does, Notice of Removal 1, Plaintiff in his Complaint distinguishes the Equal Protection Clause's supposed protection of women from "sex discrimination" in seeking to exclude women from the church. Compl. 17.

What's more, the Court finds that Plaintiff's claim is precisely the type of frivolous claim to be excluded from federal courts for lack of jurisdiction. In *Raymon*, the plaintiff sought relief under 42 U.S.C. § 1983 claiming she was penalized in her grade point average for an unexcused absence. 639 F.2d at 257. The Fifth Circuit found that the plaintiff's claim was frivolous and did not invoke federal question jurisdiction, holding that the notion of an insubstantial decrease in the plaintiff's grade point average violating due process was "patently insubstantial." *Id.* This Court finds that the plaintiff in *Raymon* presented a more substantial and less frivolous claim than does Plaintiff in the instant case. As such, the Court finds that Plaintiff has not stated a federal claim, and Defendants have failed to meet their burden of demonstrating this Court's jurisdiction.

### III.   CONCLUSION

For the foregoing reasons, the Motion, ECF No. 3, is **GRANTED**. The case shall be remanded to 210th District Court in El Paso County, Texas.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED** on this 21st  day of December, 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE